UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Peter J. D'Auria, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email:  Peter.J.D'Auria@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 21-10121(SLM) <br> : <br> : Subchapter V |
| American Limousine, LLC, | : Chapter 11 <br> : <br> : The Honorable Stacey L. Meisel |
| Debtor. | : <br> : Hearing Date:  Sept. 14, 2021 @ 11:00 am |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO
FIRST MODIFIED SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("United States Trustee"), by and through his undersigned attorney, hereby files this limited objection ("Limited Objection") to the First Modified Small Business Debtor's Plan of Reorganization (the "Modified Plan") (Docket No. 234).[1]  In support of the Limited Objection, the United States Trustee respectfully states:

**JURISDICTION**

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Modified Plan.

("Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in Chapter 11 cases.

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard regarding the above-referenced Objection.

## BACKGROUND

*The Bankruptcy Case:*

5. On January 8, 2021 (the "Petition Date"), American Limousine, LLC (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of title 11, United States Code, and elected subchapter V.  *See* ECF No. 1.

6. Since the Petition Date, the Debtor has remained in possession of its property and management of its affairs.

7. On January 13, 2021, the U.S. Trustee appointed Devanshu L. Modi, Esq. as Subchapter V trustee.  *See* ECF No. 27.

*The Modified Plan:*

8. On July 29, 2021, the Debtor filed the Modified Plan.  The Modified Plan contains three separate classes of unsecured claims, those being; (i) Class 13 titled "General Unsecured

Class," (ii) Class 14 titled "Unsecured Tort Claims Class," and (iii) Class 15 titled "Unsecured Claims of Michael Fogarty and Errands Plus, Inc."

9. Class 13 (the General Unsecured Class) claims will receive a distribution consisting of all of the Debtor's accumulated post-petition disposable income extending until the 42nd month after the Effective Date.

10. Class 14 (the Unsecured Tort Claims Class) claims are limited to the amount they will receive from available insurance coverage, with no further payments to be made by the Debtor.

11. Class 15 (Unsecured Claims of Michael Fogarty and Errands Plus, Inc.) claims will receive a distribution as part of the Class 13 General Unsecured Class.

## LIMITED OBJECTION

12. The U.S. Trustee asserts this Limited Objection in the event confirmation of the Modified Plan is non-consensual. In the event of a non-consensual confirmation, the Modified Plan does not provide Class 14 with a distribution that includes any participation in the Debtor's disposable income.

13. Generally, 11 U.S.C. § 1129(b) does not apply in a subchapter V case. Instead, section 1191(b) permits the court, on request of the debtor, to confirm a plan that does not meet the requirements of subsections 1129(a)(8), (10), or (15). *See* 11 U.S.C. § 1191(b). Subsection (a)(8) requires that all impaired classes accept the plan. *See* 11 U.S.C. § 1129(a)(8). Subsection (a)(10) requires, as a prerequisite to cram down under 11 U.S.C. § 1129(b), that at least one impaired class of claims has accepted the plan. *See* 11 U.S.C. § 1129(a)(10). And subsection (a)(15) requires that if an unsecured creditor objected to the plan in a case filed by an individual debtor, the debtor pays the greater of the amount of the claim or the debtor's projected

disposable income for five years. *See* 11 U.S.C. § 1129(a)(15).

14. To confirm a subchapter V plan non-consensually under section 1191(b) (when the requirements of section 1129(a)(8) and (10) are not met), the Court must find that "the plan does not discriminate unfairly, and is fair and equitable with respect to each claim of claim or interest that is impaired under, and has not accepted, the plan." *See* 11 U.S.C. § 1191(b).

15. The conditions of "fair and equitable" are specifically defined in subsection (c). In particular, section 1191(c)(2) requires that the plan "provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan;" or "the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor" and "the debtor will be able to make all payments under the plan" or "there is a reasonable likelihood that the debtor will be able to make all payments under the plan" and "the plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claim or interests in the event that the payments are not made." 11 U.S.C. § 1191(c).

16. "Disposable income" is defined as "the income that is received by the debtor and that is not reasonably necessary to be expended  - (1) for – (A) the maintenance or support of the debtor a dependent of the debtor; or (B) a domestic support obligation that first becomes payable after the date of the filing of the petition; or (2) for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor." 11 U.S.C. § 1191(d).

17. Here, as outlined above, the proposed treatment for one of the unsecured classes

(Class 14) does not include any of the Debtor's disposable income.  With that, in the event the Modified Plan were to proceed as a non-consensual confirmation, it appears that the Modified Plan as presented would fail to satisfy the applicable "fair and equitable" standard.

## CONCLUSION

18.  In conclusion, in the event of a non-consensual confirmation, the Debtor must be required to provide sufficient evidence as to how the Modified Plan, as presented, satisfies the applicable "fair and equitable" standard for such confirmation.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 & 9

        By:   */s/ Peter J. D'Auria*
                Peter J. D'Auria
                Trial Attorney

Dated:  September 7, 2021