Dean G. Sutton, Esq.
18 Green Road
Post Office Box 187
Sparta, New Jersey 07871
(973) 729-8121
dean@deansuttonlaw.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : |
| | : CASE NO. 21-10121/SLM |
| | : |
| | : CHAPTER: 11 |
| American Limousine LLC | : (Small Business Subchapter V) |
| | : |
| | : HEARING DATE: 09/14/2021 |
| | :            @ 11:00 a.m. |
| Debtor(s) | : |

CERTIFICATION OF MICHAEL FOGARTY, PRESIDENT OF
AMERICAN LIMOUSINE LLC, CHAPTER 11, SUBCHAPTER V DEBTOR
AND DEBTOR-IN-POSSESSION, PURSUANT TO BANKRUPTCY CODE
SECTION 1191(a) IN SUPPORT OF CONFIRMATION OF
THE DEBTOR'S CHAPTER 11, SUBCHAPTER V FIRST MODIFIED
PLAN OF REORGANIZATION

Michael Fogarty hereby certifies under the penalty of perjury as follows:

1.  I am the President of the debtor and debtor-in-possession herein ("Debtor"). I am fully familiar with the facts set forth below upon my knowledge, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true.

2.  Before I address the Confirmation Requirements of Code Sections 1191(a) and 1129, I would like to briefly tell the Court about the Debtor's progress during the past 9 months. As we all know, Covid has hit the economy hard. This is particularly true of our industry. We at American Limousine have worked tirelessly to come through this crisis.

    During 2020 and continuing through today, American Limousine has remained in close contact with clients to assess when they will return to their offices. During the summer of 2021, multiple shuttle contracts and office building contracts are in various stages of return, including some that have already started (such as return to work shuttles for major banks) and others that are new opportunities and in process. Great care was taken to attempt to match our employee expense with anticipated demand.

Revenue has started to return due to these shuttle opportunities as well as a significant number of large meetings and events which have been booked through American Limousine. As business returned, American Limousine successfully negotiated price increases on several large contracts, and strategically declined work that was priced below market.

Finally, American Limousine has spent a significant amount of time enhancing its technology services during the pandemic so that the company can operate more efficiently as business travel and shuttle contracts return.

Thus far, we have been successful in retaining employees, and, in fact, hiring new workers. We hope and expect that this trend will continue.

We are now ready to move forward with our Plan of reorganization.

3. The Debtor filed a voluntary Chapter 11 Small Business Subchapter V petition on January 8, 2021 and thereafter it continued in the possession of its assets as debtor-in-possession. No committee of unsecured creditors has been formed in this case. Dev Modi was appointed as the Subchapter V Trustee.

4. On July 29, 2021, the Debtor filed its First Modified Chapter 11 Small Business Subchapter V Plan of Reorganization. The hearing on Confirmation of the Plan is scheduled to be held on September 14, 2021 at 11:00 a.m.

5. Pursuant to Section 1191(a) of the Bankruptcy Code (the "Code"), the Plan complies with the applicable provisions of Code Section 1129(a), other than paragraph (15) of that section as required by Section 1129 (a)(1) of Title 11 of the code.

6. The Debtor is the Plan proponent and, pursuant to Code Section 1129(a)(2), the proponent complies with the provisions of the Code.

7. Pursuant to Code Section 1129(a)(3), the Plan has been proposed in good faith and it is not any way forbidden by law.

8. Pursuant to Code Section 1129(a)(4), the Debtor has disclosed to the Court any payments made or promised for services or for costs and expenses in connection with the case or the Plan, and such payments have been approved by, or are subject to the approval of, the Court as reasonable.

9. Pursuant to Code Section 1129(a)(5), the Reorganized Debtor has disclosed the identity and affiliations of any individual proposed to serve, after Confirmation of the Plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

10. No government regulatory commission has jurisdiction over any rates, and we are advised by counsel that the provisions of Code Section 1129(a)(6) are inapplicable to this case.

11. Pursuant to Section 1129(a)(7), each holder of a claim or interest in each impaired class under the Plan has accepted the Plan, or will receive or retain the liquidation value of its claim. These conclusions are supported as follows: The Plan consists of sixteen (16) classes. Class 1 is a secured creditor and is impaired. The Class 1 creditor did not cast a ballot and did not object to the Plan. The Class 1 creditor shall receive the liquidation value of its allowed claim. Class 2 is a secured creditor and is not impaired. Class 3 is a secured creditor and is impaired. The Class 3 creditor did not cast a ballot and did not object to the Plan. The Class 3 creditor shall receive the liquidation value of its allowed claim. The Class 4 creditor is the holder of a secured claim and is impaired. The Class 4 creditor did cast a ballot and voted to accept the Plan. Classes 5, 6, 7, 8, 9 and 10 are holders of secured claims and are not impaired. The Class 11 creditor is the holder of a secured claim and is impaired. The Class 11 creditor did cast a ballot and voted to accept the Plan. Class 12 is the holder of a secured claim and is not impaired. Class 13 is unsecured and impaired. 3 members of Class 13 voted to accept the Plan and no members of the class voted to reject the Plan. Therefore, Class 13 has accepted the Plan. Class 14 is unsecured and impaired. 15 members of Class 14 voted to accept the Plan and no members of this class voted to reject the Plan. Therefore, Class 14 has accepted the Plan. Class 15 is unsecured and impaired. No ballots were received from Class 15 creditors. The Class 15 creditors will receive the liquidation value of their allowed claims. Class 16 are the Equity Interest Holders. That class is not impaired. As evidenced by the filed Certification of Balloting, no classes have rejected the Plan. All classes of impaired claims have voted to accept the Plan, or shall receive the liquidation value of the allowed claims, so Code Section 1129(a)(7) is satisfied.

12. Pursuant to Code Section 1129(a)(8), each class of claims or interests is either not impaired under the Plan or has accepted the Plan. There are no impaired classes that have not voted to accept the Plan.

13. Pursuant to Code Section 1129(a)(9), all administrative claims and non-tax priority claims will be paid in full on the Effective Date of the Plan, or have agreed to a different treatment.

14. Pursuant to Code Section 1129(a)(10), the requirement that at least one impaired class of claims accept the Plan has been satisfied because, as reflected in the Certification of Balloting, Classes 4, 11, 13 and 14, which are impaired, have voted to accept the Plan.

15. Pursuant to Code Section 1129(a)(11), the Plan is feasible, and confirmation will not be likely followed by liquidation as evidenced by the cash flow projections submitted with the Plan. The projections show that with respect to the future revenues necessary to fund deferred payments, there are sufficient monies from income to satisfy Plan obligations after paying any monthly expenses.

16. Code Section 1129(a)(12) is not applicable to Subchapter V cases. There are no quarterly fees in Subchapter V cases pursuant to 28 U.S.C. § 1930(a)(6)(A).

17. The Debtor has no obligations to third parties for retiree benefits as that term is defined under Code Section 1114, so Code Section 1129(a)(13) is satisfied.

18. The Debtor is not required to pay any domestic support obligation and, accordingly, Code Section 1129(a)(14) is not applicable.

19. Pursuant to Code Sections 1181(a) and 1191(a), Code Section 1129(a)(15) is not applicable in a case under Subchapter V of Chapter 11 of the Code.

20. To the extent that Code Section 1129(a)(16) applies, all transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

21.     No ballots of any insiders were considered, the Plan should be confirmed pursuant to Section 1191(a) of the Code, as the Plan meets all of the requirements of Code Section 1191(a).

22.     We are asking that two small changes be made to the Plan and request that they be reflected in the Order Confirming the Plan: First, M&T Bank has agreed to allow us to commence our monthly payments for its secured claim on October 1, 2021 instead of September 1, 2021. Those payments will continue through April 1, 2025 instead of March 1, 2025. We will continue paying adequate protection through September, 2021. And second, we have 3 ongoing contractual agreements with our telephone system provider. Star2Star Communications, LLC. We wish to assume those contracts as they are necessary to our business.

Our counsel has submitted a proposed form of Order Confirming Plan which contains the requested language.

I hereby certify that the foregoing statements made by me are true; I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 09/13/2021

/s/Michael Fogarty
By: Michael Fogarty, President