**Dean G. Sutton, Esquire**
Attorney At Law
Board Certified
Consumer Bankruptcy Law
American Board of Certification

*SUSSEX COUNTY OFFICE*
18 Green Road
PO Box 187
Sparta, NJ 07871

*MORRIS COUNTY OFFICE*
181 New Road
Suite 201
Parsippany, NJ 07054

**Please Reply To Sussex County Main Office**
(973)729-8121
Fax (973) 729-6685
www.deansuttonlaw.com

March 10, 2022

*Sent Via E-Mail*

Honorable Stacey L. Meisel
US Bankruptcy Court
King Federal Building
50 Walnut Street, 3rd Floor
Newark, N.J. 07102

Reference:   American Limousine LLC
Case No. 21-10121/SLM
Objection to Notice of Intention to Close Case by Dela Cruz et als.
Hearing Date: March 15, 2022 @ 11:00 a.m.

Dear Judge Meisel,

Please accept this letter in lieu of a more formal brief in response to the objection to the Notice of Intention to Close Case filed by Joselito R. Dela Cruz and Jeff Pangilinan on behalf of themselves and all those similarly situated ("the creditor").

Pursuant to FRBP 3022, the Court filed a Notice of Intention to Close the case.

The creditor sets forth three arguments in support of its opposition: (1) The Debtor's recently filed Distribution Report indicates that the next distribution date is "unknown", (2) The unsecured creditors have not yet received any distributions, and (3) After closure of this case, the Debtor will be relieved of its reporting obligations. None of these arguments provides a basis for opposing the closure of this case.

Statutory authority to close a case is set forth in 11 U.S.C. Sec. 350(a) which states, "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Emphasis added.

Here, the Subchapter V Trustee has been discharged by virtue of Sec. 1183(c) because the plan has been substantially consummated. (See Docket Entry 267 of the Court's Docket Report filed on 01/12/2022).

Page 2 of 2
American Limousine LLC
Case No. 21-10121/SLM

     Additionally, the case has been fully administered. The Advisory Committee Note - 1991 Amendment following FRBP 3022 states that "Entry of a final decree closing a Chapter 11 case should not be delayed because the payments required by the Plan have not been completed. Factors the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved."

     Here, factors (1), (4), (5) and (6) have all been satisfied, and factors (2) and (3) are not applicable to this case.

     Because Section 350(a) is mandatory, and both requirements contained in this provision have been satisfied, the Court should close this case.

     As to the creditor's arguments, the Debtor's Plan provides that all of its disposable income will be paid to its creditors. If there is no disposable income in any given month or quarter, then clearly there will be no distribution. That is why the next distribution date is "unknown".

     Regarding payments to unsecured creditors, the filed distribution reports (Docket Nos. 266 and 274) make it clear that administrative creditors have not been satisfied yet. So, clearly, payments to unsecured creditors have not commenced.

     Finally, the closing of a case does not prohibit the filing of documents or monthly or quarterly reports. I confirmed that fact with the Bankruptcy Court Clerk's office.

     Based on all of the above, we respectfully ask the Court to close the case and issue a Final Decree.

Respectfully submitted,
/s/Dean G. Sutton
Dean G. Sutton

DGS/st
Enclosure
cc:  Jason Rozger, Esq. - jrozger@nyemployeelaw.com
     Daniel Reiss, Esq. - dhr@lnbyg.com
     Peter J. D'Auria, Esq. – US Trustee's Office
     Devanshu L. Modi, Esq. – Subchapter V Trustee
     Simon Nadler, Esq. - American Limousine LLC